**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GINA MARATEA, | : | |
|    Plaintiff, | : | Case No. 3:14-cv-01785 (VAB) |
| | : | |
|    v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF EDUCATION | : | |
| and STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF EDUCATION, | : | February 29, 2016 |
| CONNECTICUT TECHNICAL HIGH | : | |
| SCHOOL SYSTEM, | : | |
|    Defendants. | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

**I.   INTRODUCTION**

Plaintiff, Gina Maratea, filed this action against the State of Connecticut Department of Education and Connecticut Technical High School system (collectively, "Defendants" or "DOE") alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").[1]  Plaintiff alleges that Defendants discriminated against her on the basis of race when they did not hire or promote[2] her on two occasions in 2011 and on one occasion in 2013.  Defendants move to dismiss the 2011 claims as time-barred and move to dismiss the 2013 claim for failure to state a claim.  Should any claim survive, Defendants move to strike paragraphs 34 and 35 of the Complaint.  For the reasons set forth below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART and the motion to strike is DENIED.

**II.   FACTUAL ALLEGATIONS**

Plaintiff is Caucasian.  Compl. ¶ 16.  In February 2009, DOE hired her as a part-time Hairdressing Instructor at E.C. Goodwin Technical High School.  *Id.* ¶¶ 17-18.  In August 2011,

---

[1] Plaintiff asserted other claims but withdrew them.  *See* Order, ECF No. 29.
[2] Because Plaintiff was working for DOE at the time she applied to the positions, it is unclear whether her claims are based on failures to hire or promote.  *See* Compl. ¶¶ 17-18, 21, 31.

1

Plaintiff applied for two full-time Hairdressing Instructor positions, one at Vinal Technical High School and the other at Eli Whitney Technical High School.  *Id.* ¶¶ 21, 23, 24.  When she applied, Plaintiff had over two years of experience as a Hairdressing Instructor, and had completed two Vocational-Technical Education ("VTE") courses and a Special Education course.  *Id.* ¶ 30.  These courses were required to work as a trade instructor in one of Connecticut's Technical High Schools.  *Id.* ¶ 20.  DOE did not select Plaintiff for either position, and instead hired an African-American and a Hispanic.  *Id.* ¶¶ 25-27.  Plaintiff alleges that these two individuals were not as qualified as her, and that neither had completed the VTE and Special Education courses.  *Id.* ¶¶ 28-29.

In May 2013, Plaintiff applied to DOE for a Hairdressing Instructor position at Kaynor Technical School.  *Id.* ¶ 31.  DOE did not select Plaintiff for the position, and instead hired a Hispanic.  *Id.* ¶¶ 32-33.

In June 2013, Plaintiff filed a Freedom of Information Act ("FOIA") request with DOE seeking documents concerning the 2011 positions and the two candidates that filled those positions.  *Id.* ¶ 34.  In September 2013, DOE provided Plaintiff with incomplete documentation, including a packet that contained only 132 pages out of a total of 401 pages of responsive documentation.  *Id.* ¶ 35.

## III.   STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the Rule demands more than conclusory allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  The allegations "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.  Where a plaintiff "has not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed."  *Id.* at 570.

In determining whether a plaintiff has met this standard, the Court must accept the allegations as true and draw all reasonable inferences in the light most favorable to the non-moving party, *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007), and generally may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

## IV.   ANALYSIS

### A.   2011 Claims

Defendants argue that Plaintiff's claims stemming from the 2011 positions are time-barred.  The Court agrees.

Plaintiff did not file her complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") within the prescribed limitations periods following the 2011 incidents. Pl.'s Mem. at 14. Nevertheless, Plaintiff argues that the 2011 claims are not time-barred because they fall within the continuing violation exception. The Court disagrees.

In *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court examined whether, and under what circumstances, a Title VII plaintiff may file suit on events falling outside the limitations period. The court recognized that, under certain circumstances, events falling outside the limitations period may be actionable if they contributed to a hostile work environment. *See id.* at 115-22. But the court held that discrete acts of discrimination each start a new clock, and that discrete acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113. The court identified failures to hire and promote as discrete acts. *Id.* at 114 ("Discrete acts such as . . . failure to promote . . . or refusal to hire . . . are easy to identify.").

In this Circuit, consistent with *Morgan*, the law is clear that the continuing violation doctrine does not apply to failures to hire and promote. *E.g.*, *Ramlal-Nankoe v. Ithaca Coll.*, 591 F. App'x 23, 25 (2d Cir. 2015) ("The district court properly declined to invoke the continuing violation doctrine to save [plaintiff]'s untimely claims under Title VII . . . . That doctrine is inapplicable to '[d]iscrete acts such as . . . failure to promote,' which 'are easy to identify.'") (quoting *Morgan*, 536 U.S. at 114); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157-58 (2d Cir. 2012) ("[U]nder *Morgan*, every failure to promote is a discrete act that potentially gives rise to a freestanding Title VII claim with its own filing deadline."); *Glaser v. Fulton-Montgomery Cmty. Coll.*, 50 F. App'x. 17, 20 (2d Cir. 2002) ("[A] failure to promote is considered a discrete act, to which the continuing violation doctrine does not apply."); *Allen v. N.Y.C. Dep't of Envtl.*

*Prot.*, 51 F. Supp. 3d 504, 510 (S.D.N.Y. 2014) ("[F]ailure-to-promote or failure-to-hire claims, even where the same employee has been repeatedly denied a position, do not constitute a continuing violation . . . ."); *Carpenter v. City of New York*, No. 09-CV-4524 (ARR) (LB), 2010 WL 2680427, at *4 (E.D.N.Y. June 30, 2010) (where plaintiff applied to two jobs in 2006 and one in 2008 and filed a timely charge after the 2008 incident, court held that "Plaintiff's claims all concern discrete acts of discrimination, as they allege defendant failed to hire plaintiff on three separate occasions because of her age. . . . Therefore, plaintiffs [*sic*] claims regarding defendant's actions in 2006 are dismissed, but her claim regarding discrimination in 2008 remains.").

Plaintiff's 2011 claims concern discrete failures to hire or promote. Because she did not timely file her CCHRO complaint following those incidents, her 2011 claims are dismissed as time-barred. However, the 2011 incidents may serve as background evidence in support of Plaintiff's timely claim. *See Morgan*, 536 U.S. at 113.

### B. 2013 Claim

DOE argues that Plaintiff's timely discrimination claim relating to the 2013 position fails to state a claim upon which relief can be granted.[3] The Court disagrees.

The Second Circuit recently examined the pleading standard for Title VII employment discrimination cases and held that, absent direct evidence of discrimination, a complaint must allege plausibly "that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311.

---

[3] Defendants' memorandum discussed their legitimate, nondiscriminatory reason and pretext under the *McDonnell Douglas* evidentiary burden-shifting framework, which does not apply at this stage. Defs.' Mem. at 11, 16; *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002); *Littlejohn v. City of New York*, 795 F.3d 297, 307-11 (2d Cir. 2015).

First, Plaintiff is Caucasian and therefore a member of a protected class. Title VII's prohibition of race-based discrimination protects white employees as well as minority employees. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 278–79 (1976) (Title VII is "not limited to discrimination against members of any particular race"); *Barella v. Vill. of Freeport*, 16 F. Supp. 3d 144, 159-61 (E.D.N.Y. 2014) (surveying case law and holding that white plaintiff showed membership in a protected class based on race).

Second, Plaintiff alleged plausibly that she was qualified for the 2013 position. She alleged that she consistently performed her duties in a satisfactory and professional manner. Compl. ¶¶ 19, 38. She also alleged that she completed the required VTE and Special Education courses. *Id.* ¶ 20. When she applied to the 2013 position, she had over four years of experience as a Hairdressing Instructor in the Connecticut Technical High School System. *See id.* ¶¶ 17, 31.

Third, by alleging that DOE failed to hire or promote her, Plaintiff plausibly alleged that she suffered an adverse employment action. *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race . . . ."); *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999) ("Adverse employment actions include . . . refusal to hire, refusal to promote . . . ."); *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002) (failure to promote "falls within the core activities encompassed by the term 'adverse actions.'").

Fourth and finally, Plaintiff alleged facts giving "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311. DOE hired a person outside of Plaintiff's protected class.[4] Compl. ¶ 33. "[T]he fact that an employer favored someone outside of the relevant protected class 'will ordinarily suffice' to

---

[4] DOE hired a Hispanic for the 2013 position. Compl. ¶ 33. The Second Circuit recently clarified that Hispanic is a race for Title VII purposes. *Vill. of Freeport v. Barrella*, --- F.3d ----, 2016 WL 611877, at *5 (2d Cir. Feb. 16, 2016).

sustain an inference of discrimination." *Barrella*, --- F.3d ----, No. 14-2270-CV, 2016 WL 611877, at *11 n.9 (2d Cir. Feb. 16, 2016) (quoting *Littlejohn*, 795 F.3d at 313); *see also Wierzbicki v. Cty. of Rensselaer, N.Y.*, No. 1:14-cv-950 (GLS/RFT), 2015 WL 4757755, at *5 (N.D.N.Y. Aug. 12, 2015) (noting that "[t]he Second Circuit has held that, when a plaintiff applies for and is denied a position, the fact that the position was filled by someone outside of the plaintiff's protected class is itself enough to give rise to . . . an inference [of discrimination]" and collecting cases).

Plaintiff has stated a plausible claim with respect to the 2013 position. Therefore, Defendant's motion to dismiss the 2013 claim is denied.

### C. Motion to Strike

DOE moves to strike paragraphs 34 and 35 of the Complaint, which concern Plaintiff's FOIA request, arguing that they are irrelevant to Plaintiff's discrimination claim. For the following reasons, the motion is DENIED.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Resolution of a Rule 12(f) motion is left to the district court's discretion, and such motions are generally disfavored and infrequently granted. *Tucker v. Am. Int'l Grp., Inc.,* 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013). "[I]t is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Id.* "Evidentiary questions . . . should especially be avoided at such a preliminary stage of the proceedings. . . . And ordinarily neither a district court nor an appellate court should decide to

strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Id.*

Thus, the party moving to strike "bears a heavy burden[,]" and ordinarily must show that (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting the allegations to stand would result in prejudice to the movant. *Tucker*, 936 F. Supp. at 16.

The Court concludes that the allegations set forth in paragraphs 34 and 35 may be relevant to support Plaintiff's discrimination claim. Those paragraphs allege that Plaintiff submitted a FOIA request seeking documents concerning the 2011 positions and the successful applicants, and that DOE provided incomplete documentation in response. Compl. ¶¶ 34-35. Although Plaintiff's 2011 claims are time-barred, Plaintiff may use the 2011 incidents as background evidence of discrimination. *See Morgan*, 536 U.S. at 113. Accepting Plaintiff's allegations as true, evidence that Plaintiff sought documentation relating to the 2011 positions and the two non-Caucasian candidates who filled those positions, and that DOE provided an incomplete response, could be relevant to show discriminatory intent as to the 2011 incidents, which may serve as background evidence in support of the 2013 claim. DOE has not carried its heavy burden to show that striking paragraphs 34 and 35 is appropriate.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART and Defendants' Motion to Strike is DENIED. SO ORDERED at Bridgeport, Connecticut this twenty-ninth day of February, 2016.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE